UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RASHITBEK RASLANOVICH ADIKOV,  :
                            Petitioner,  :
                                    :
        -v-  :  16-CV-3797 (JPO)
                                    :
OFFICER SCOTT MECHKOWSKI and THE  :  OPINION AND ORDER
DEPARTMENT OF HOMELAND SECURITY,  :
                            Respondents.  :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Petitioner Rashitbek Raslanovich Adikov ("Petitioner") is a Russian national currently in the custody of Immigration and Customs Enforcement at the Hudson County Correctional Facility in Kearny, New Jersey. (Dkt. No. 3 at 9-10.) An Immigration Judge in Batavia, New York has ordered his removal from the United States to Russia, and the the Board of Immigration Appeals denied his subsequent appeal. (*Id.*) He now petitions for a writ of habeas corpus, challenging both his detention and his removal order.[1] (*Id.* at 14.)

      To the extent that Petitioner challenges the removal order, this Court does not have subject matter jurisdiction. The REAL ID Act of 2005, codified at 8 U.S.C. § 1252, "strips district courts of jurisdiction to hear habeas petitions challenging final orders of deportation." *De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615-16 (2d Cir. 2007); *see Vasquez v. United States,* No. 15-CV-3946, 2015 WL 4619805, at *3 (S.D.N.Y. Aug. 3, 2015) ("District courts within this Circuit and across the country have routinely held that they lack jurisdiction under § 1252 to grant a stay of removal.") (collecting cases). Rather, "the courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and

---

[1] Petitioner's request for an extension of time to file a reply in support of his Petition (see Dkt. No. 8), was improperly filed and, in any event, is denied.

1

exclusion." *Barnes v. U.S. Immigration & Customs Enf't*, No. 05-CV-370, 2005 WL 1661652, at *1 (E.D.N.Y. July 14, 2005); *see Kilani-Hewitt v. Bukszpan,* 130 F. Supp. 3d 858, 862 (S.D.N.Y. 2015). Accordingly, Petitioner's challenge to his removal order is denied without prejudice.

What remains of the Petition consists of a challenge to Petitioner's current detention at the Hudson County Correctional Facility. Outside of the deportation context, it is well-settled that for "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Zhen Yi Guo v. Napolitano*, No. 09-CV-3023, 2009 WL 2840400, at *5 (S.D.N.Y. Sept. 2, 2009) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). In addition, "the warden of the detention facility with physical custody of the petitioner is the 'immediate custodian' with the ability to produce the petitioner pursuant to a writ of habeas corpus," and is therefore the appropriate respondent to a habeas petition challenging present confinement. *Phrance v. Johnson*, No. 14-CV-3569, 2014 WL 6807590, at *2 (S.D.N.Y. Dec. 3, 2014) (citing *Padilla,* 542 U.S. at 435, 437–39).

The Supreme Court's decision in *Padilla* "left open the question" whether these rules applied to "a habeas petition filed by an alien pending deportation." *Zhen Yi Guo*, 2009 WL 2840400, at *2 (quoting *Padilla,* 542 U.S. at 435 n. 8) (internal quotation marks omitted). However, "[a] clear majority of district courts sitting in this Circuit have applied [these rules] to habeas petitions filed by incarcerated aliens challenging their physical detention prior to deportation." *Id.* at *3 (collecting cases); *see, e.g., Concepcion v. Aviles*, No. 14-CV-8770, 2015 WL 7766228 (S.D.N.Y. Mar. 12, 2015); *Fortune v. Lynch*, No. 15-CV-8134, 2016 WL 1162332 (S.D.N.Y. Mar. 22, 2016). The Court adopts the majority rule. Because Petitioner is detained in the District of New Jersey, the Court lacks jurisdiction over his habeas petition. *See Phrance,*

2014 WL 6807590, at *2 ("[J]urisdiction lies only in the District of New Jersey, where [petitioner] is detained."); *Concepcion,* 2015 WL 7766228, at *1 (same).  In addition, the Petition fails to name "the warden of the detention facility with physical custody of the petitioner" as respondent, as is required.  *Phrance,* 2014 WL 6807590, at *2.

    For the foregoing reasons, the Petition is denied without prejudice.

    The Clerk of Court is directed to close the case.


    SO ORDERED.


Dated: July 18, 2016
      New York, New York

_____
J. PAUL OETKEN
United States District Judge